UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW S. JONES, | No. 2:13-cv-02129 DAD P |
| Petitioner, | |
| v. | ORDER |
| G.D. LEWIS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also requests leave to proceed in forma pauperis; however, the second page of his application filed with the court is missing. Petitioner will be provided the opportunity to submit a complete application. The certificate portion of the application need not be completed since petitioner has already submitted the required certification. (See ECF No. 7 at 3.)

Petitioner's habeas petition presents two grounds for relief alleging ineffective assistance of counsel. Both of these claims appear to be unexhausted. If so, this action would be subject to dismissal since it appears petitioner has not included any exhausted claims in his petition filed with this court. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006) ("District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. We decline to extend that rule to the situation where the original habeas petition

contained only unexhausted claims[.]") However, it is also not clear whether petitioner has included all of the grounds for relief which he wishes to pursue in this habeas action in the petition now before the court. In this regard, the court notes that in his motion for stay and abeyance also now pending before the court, petitioner asserts that he has six exhausted claims as well as his two unexhausted ineffective assistance of counsel claims. (ECF No. 5 at 1 & 3.) In light of petitioner's confusing and inconsistent assertions, the pending petition will be dismissed and petitioner will be granted leave to file an amended petition containing all of his claims. If he elects to file such an amended petition, petitioner is advised to use the court's form habeas petition. Petitioner is also advised that it is not necessary to include his legal arguments and exhibits in his amended petition at this stage of the proceedings. Finally, in light of the court's order granting petitioner leave to file an amended petition, his pending motion for a stay and abeyance will be denied without prejudice, since the petition currently pending before the court appears to be incomplete.

Because, for the reasons explained above, it appears that petitioner is asserting that he has both exhausted and unexhausted claims which if alleged would constitute a mixed petition, he is hereby advised of the following requirements for a motion for stay and abeyance. The United States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with both exhausted and unexhausted claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions. However, if a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they

share a "common core of operative facts" with the claims set forth in his original federal petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a federal habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative stay and abeyance procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his federal habeas petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of the claims set forth in his federal petition. See King, 564 F.3d at 1140. However, the Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant such a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. Further, under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78). The decisions in both Kelly and Rhines "are directed at solving the same problem – namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, a new application to proceed in forma pauperis;

2. Within thirty days from the date of this order, petitioner shall file an amended petition for a writ of habeas corpus that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition for a Writ of Habeas Corpus"; petitioner must use the form petition provided by the Clerk of the Court and answer each question;

3. Petitioner's October 15, 2013 motion for stay and abeyance (ECF No. 5) is denied without prejudice and petitioner may file a new motion for stay and abeyance with his amended petition;

4. Petitioner's failure to comply with this order will result in the dismissal of this action; and

5. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the form petition for a writ of habeas corpus by a state prisoner.

Dated:  October 31, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jon2129.101.fta