UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW S. JONES,<br><br>    Petitioner,<br><br>  v.<br><br>G.D. LEWIS,<br><br>    Respondent. | No. 2:13-cv-02129 DAD P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is petitioner's application to proceed in forma pauperis and his second motion for a stay and abeyance.

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

On November 1, 2013, the court ordered petitioner to submit a new application to proceed in forma pauperis because his first such application was incomplete.  The court noted that petitioner had already submitted to the court a certified copy of his trust account statement.  On November 15, 2013, petitioner filed his new application.  Examination of that in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

/////

/////

# MOTION FOR STAY AND ABEYANCE

**I. Background**

Also before the court is petitioner's second motion for a stay and abeyance. In the court's order, filed on November 1, 2013, petitioner's first such motion was denied without prejudice so that petitioner could file his amended habeas petition clarifying whether he was proceeding solely on his fully exhausted claims or with a mixed habeas petition. (ECF No. 8.) In his amended petition, filed on November 15, 2013, petitioner presents eight grounds for relief. Petitioner's two ineffective assistance of counsel claims are admittedly unexhausted.[1] Therefore, petitioner is proceeding herein with a mixed petition.

In his declaration submitted with this motion for stay and abeyance, petitioner provides the following information with respect to his efforts to exhaust his unexhausted claims in state court. On October 10, 2012, the California Supreme Court denied his petition for review which contained the following six claims: (1) insufficient evidence to support attempted murder conviction; (2) insufficient evidence to prove great bodily injury enhancement; (3) the trial court erred in instructing the jury on California Penal Code § 12022.53; (4) the prosecution's failure to prove the gang enhancement; (5) prosecutorial misconduct in misstating the law regarding reduction of attempted murder to voluntary manslaughter; and (6) cumulative error.

In September of 2013, petitioner "sent a state habeas corpus to prison law library for copies." (ECF No. 11 at 2.) However, when petitioner did not receive the copies of his state petition by October 6, 2013, he filed his federal habeas petition in this court with a motion for stay and abeyance. (Id.)

On October 9, 2013, petitioner obtained copies of his state habeas petition and on that same day, petitioner filed a state habeas petition, presumably containing his admittedly unexhausted ineffective assistance of counsel claims, with the Sacramento County Superior

/////

---

[1] In the court's November 1, 2013 order, petitioner was advised that he could proceed with a mixed petition containing both exhausted and unexhausted claims but that a stay and abeyance is only appropriate when there is good cause for the failure to first exhaust claims in state court. (ECF No. 8 at 3.)

2

Court. (Id. at 3.) However, petitioner has provided no further information regarding the status of the proceedings with respect to his exhaustion petition in state court.

**II. Deficiencies with the Motion for Stay and Abeyance**

In the court's November 1, 2013 order, petitioner was advised that if he proceeded with a mixed petition containing both exhausted and unexhausted claims, under Rhines v. Weber, 544 U.S. 269, 277 (2005), "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King v. Ryan, 564 F.3d 1133, 1139 (9th Cir. 2009) (quoting Rhines, 544 U.S. at 277-78). In his pending motion for a stay and abeyance, petitioner contends that in September of 2013, he sent his state habeas petition to the prison law library for photocopying. (ECF No. 11 at 2.) Several weeks passed and petitioner did not receive copies "so [petitioner] was unable to file state habeas." (Id.) Concerned that he was unable to file his state habeas petition to toll the statute of limitations and "awear [sic] that his federal deadline was fastly [sic] approaching[,]" petitioner filed his federal habeas petition. (Id.)

Although petitioner's motion explains why he filed his pending federal petition when he did it does not provide sufficient information for the court to determine whether his motion for stay and abeyance should be granted. Therefore, petitioner's motion for stay and abeyance will be denied without prejudice and petitioner will be granted leave to file a new motion for a stay and abeyance within thirty days. In his renewed motion, petitioner must:  (1) show good cause for his failure to exhaust all claims before filing this action, (2) demonstrate why each of his unexhausted claims is potentially meritorious, (3) describe the status of any habeas proceedings in state court on the unexhausted claims[2], and (4) demonstrate that he has acted diligently in pursuing his unexhausted claims. See Rhines, 544 U.S. at 277–78.

---

[2] Petitioner is advised that the statute of limitations for seeking federal habeas relief may be tolled while he is exhausting his two ineffective assistance of counsel claims in state court, so long as he promptly files his habeas petition with the next higher state court once a decision is received from the lower state court. However, if petitioner were to unreasonably delay between a lower state court's decision denying his petition and the filing of his petition with the next higher state court, the statute of limitations with respect to filing his federal petition under the AEDPA may well not be tolled.

"Good cause" under Rhines has not been precisely defined.  See Blake v. Blake, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.")  The Supreme Court has explained that in order to promote AEDPA's twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances."  Rhines, 544 U.S. at 277.  "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."  Blake, 745 F.3d at 982.  See also Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust.) (citing Rhines, 544 U.S. at 278).  Finally, petitioner is cautioned that routine characteristics and circumstances common among prisoners, such as lack of legal knowledge or limited access to the law library, do not amount to good cause for his failure to exhaust his claims in state court prior to seeking federal habeas relief.  See Daly v. McEwen, Civ. No. 11–1818–AHM (DTB), 2011 WL 4964449, at *4 (C.D. Cal. Oct.19, 2011) (holding that the petitioner failed to show good cause to warrant a stay under Rhines by arguing that he was ignorant of the law and required the assistance of more knowledgeable prisoners); Holloway v. Curry, Civ. No. 09–922–MCE–DAD P, 2010 WL 2985078, at *3–4 (E.D. Cal. July 27, 2010) (concluding that the petitioner's argument that was a layman and was unaware of the exhaustion requirement was insufficient to show good cause to warrant the issuance of a stay under Rhines), report and recommendation adopted by, 2010 WL 3703836 (Sept. 17, 2010); Hamilton v. Clark, Civ. No. 08–1008 EFB P, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010) (holding that a petitioner's lack of understanding of the exhaustion requirement and limited access to the prison law library were insufficient circumstances to establish good cause for a failure to exhaust claims in state court prior to filing a federal habeas petition).

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's November 15, 2013 application to proceed in forma pauperis (ECF No. 10) is granted;

4

    2. Petitioner's November 15, 2013 motion for a stay and abeyance (ECF No. 11) is denied without prejudice; and

    3. Within thirty days from the date of this order, petitioner shall file a new motion for a stay and abeyance in compliance with this order or shall notify the court that he wishes to proceed only with respect to his fully exhausted claims.[3]

Dated: May 28, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jone2129.msa

---

[3] If he were to elect the latter, both the applicable statute of limitations and the bar on second or successive petitions would pose barriers to petitioner's presentation of his two ineffective assistance of counsel claims for federal habeas review.