UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW S. JONES, | No. 2:13-cv-02129 DAD P |
| Petitioner, | |
| v. | ORDER |
| CLARK E. DUCART, Warden,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges a judgment of conviction entered against him in 2004 in the Sacramento County Superior Court.

/////
/////
/////
/////
/////

---

[1] A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, Clark E. Ducart, Acting Warden of Pelican Bay State Prison, is substituted as respondent herein.

1

The amended petition identifies eight claims, two of which have not been exhausted in the state courts.[2]

This court has previously informed petitioner that he cannot proceed on a mixed habeas petition containing both exhausted and unexhausted claims. Exhaustion of available state court remedies is a prerequisite to granting a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

By order filed May 29, 2014, petitioner was directed to inform the court whether he wishes to proceed on his fully exhausted claims or request a stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005), for the purpose of exhausting his unexhausted claims in the state courts. The court explained that, under Rhines, petitioner needed to demonstrate the following:

> (1) show good cause for his failure to exhaust all claims before filing this action, (2) demonstrate why each of his unexhausted claims is potentially meritorious, (3) describe the status of any habeas proceedings in state court on the unexhausted claims, and (4) demonstrate that he has acted diligently in pursuing his unexhausted claims.

Order filed May 29, 2014 (ECF No. 12 at 3) (citing Rhines, 544 U.S. at 277-78); see also Order filed November 1, 2013 (ECF No. 8 at 2-3).

On June 16, 2014, petitioner filed a "Renewed Motion for Stay and Abeyance" that states in full as follows:

> Petitioner notifys this honorable court that he wants to proceed with

---

[2] The amended petition identifies the following eight claims: (1) insufficient evidence to support petitioner's conviction of attempted murder; (2) insufficient evidence to support the enhancement of great bodily injury; (3) erroneous jury instruction on California Penal Code section 12022.53(e)(1); (4) failure to prove gang enhancement; (5) prosecutorial misstatement of law concerning reduction of attempted murder to voluntary manslaughter; (6) cumulative effect of errors; (7) ineffective assistance of trial counsel concerning evidence of the victim's injuries; and (8) ineffective assistance of trial counsel concerning the testimony of witness Smiley. Plaintiff avers that all but the last two of these claims have been exhausted in the state courts.

> his exhausted claims, and if the court so denies his stay & abeyance on his unexhausted claims; He would like to gain knowledge can he still exhaust those unexhausted claims in the California Supreme Court, and then file a successive petition in the 9th Cir. Court of Appeals based on factual innocence & a constitutional violation, pertaining to the unexhausted claims as he prove (actual innocence). This should excuse petitioner's procedural default. (sic).

(ECF No. 13 at 1 (emphasis deleted).)

Petitioner's "renewed motion" does not make the showing required for the granting of a stay and abeyance under Rhines. As currently framed, petitioner can proceed forthwith in this action only in a Second Amended Petition that sets forth his exhausted claims.

However, as this court previously explained to petitioner, another option may apply. Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), petitioner need not show good cause for delay in exhausting his new claims, or that he meets the other Rhines factors. Under Kelly, petitioner may amend his federal petition to delete his unexhausted claims; exhaust the deleted claims in the state courts while this court holds in abeyance the amended federal petition; then, after state court exhaustion, petitioner may again amend his federal petition to add the newly-exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Unlike a stay under Rhines, a petitioner who elects to proceed under Kelly may amend his federal petition to add newly-exhausted claims only if the claims are timely under the one-year statute of limitations governing federal habeas petitions. If the new claims are untimely, they may be allowed if petitioner demonstrates that they share a "common core of operative facts" with the original, exhausted claims. King, 564 F.3d. at 1140-41.

Notwithstanding these alternatives available to petitioner, it appears that he may by now have exhausted all of his claims in the state courts. This court notes that two of petitioner's petitions for state habeas relief were recently denied by the California Supreme Court,[3] and are

---

[3] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1   not reflected in the current federal petition.  Petitioner filed two state habeas actions -- Case
2   Number S219912 and Case Number S219936 -- in the California Supreme Court on July 14,
3   2014; both were denied on October 15, 2014.  Although this court does not have access to the
4   briefs submitted by petitioner in support of those matters, one or both matters may have
5   presented, and thereby exhausted, the ineffective assistance claims that petitioner seeks to
6   incorporate into the present federal action.  Petitioner will be accorded the opportunity to inform
7   this court if that is the case and to otherwise indicate how he now wishes to proceed in this habeas
8   action.
9           Accordingly, IT IS HEREBY ORDERED that, within thirty days after service of this
10  order, petitioner shall:
11          1. Inform this court whether the California Supreme Court's recent denial of his state
12  habeas petitions exhausted his two ineffective assistance of counsel claims, as set forth in his
13  amended federal petition for writ of habeas corpus (Claims Seven and Eight)?
14          2. If the answer to "1," is yes, petitioner shall also file a Second Amended Petition that
15  includes all eight of his claims, and identifies how and when each claim was exhausted in the
16  state courts.
17          3. If the answer to "1," is no, petitioner shall file a Second Amended Petition that
18  includes only his six exhausted claims (Claims One through Six), and request that this federal
19  habeas action proceed in one of the following ways:
20          A. That this action proceed forthwith on petitioner's Second Amended Petition containing
21  only petitioner's six fully exhausted claims (Claims One through Six); or
22          B. That the Second Amended Petition (containing only petitioner's six fully exhausted
23  Claims One through Six) be stayed and held in abeyance pursuant to the authority of Kelly v.
24  Small, 315 F.3d 1063 (9th Cir. 2003), until such time that petitioner exhausts his new claims in
25  the state courts and requests leave to file a Third Amended Petition that includes all eight of his
26  claims.
27  /////
28  /////

4. Alternatively, petitioner may again request, with a more complete explanation, that this action be stayed and held in abeyance pursuant to the authority of Rhines v. Weber, 544 U.S. 269 (2005).

5. The Clerk of Court is directed to send petitioner, together with a copy of this order, a blank form used by prisoners in this district to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dated: October 17, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jone2129.hc.scrn.mxd.